UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | 13-cv-00936-GEB-KJN |
| Plaintiff, | |
| v. | ORDER REGARDING DISMISSAL MOTION |
| JOYCE ANN SKINNER and LARRY LEROY SKINNER, individually and d/b/a CAMANCHE HILLS SPORTSMAN DINNER AND LOUNGE A/K/A LA BELLA ROSA, | |
| Defendants. | |
| JOYCE ANN SKINNER and LARRY LEROY SKINNER, | |
| Third-Party Plaintiffs, | |
| v. | |
| BRIAN M. ELIA and MICHAEL ELIA, | |
| Third-Party Defendants. | |

Third-Party Defendants Brian Elia and Michael Elia move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of the Third-Party Complaint ("TPC"). The challenged claims in the TPC concern the alleged interception of a

1

television program ("the Program") for which Plaintiff allegedly held the exclusive distribution rights. Plaintiff alleges in its Complaint that the interception violated both federal and state law.

Third-Party Plaintiffs concede in their opposition brief that their federal and state indemnity claims which depend on their being found liable for any of Plaintiff's federal claims should be dismissed. Therefore, these claims are dismissed.

Third-Party Defendants argue in light of this dismissal the Court should discontinue exercising supplemental jurisdiction over Third-Party Plaintiffs' state claims, since no federal claims remain in the TPC. This request is denied since federal claims remain in Plaintiff's Complaint which share a "common nucleus of operative fact" with Third-Party Plaintiffs' remaining state claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

The only portion of the remaining dismissal arguments that satisfy Rule 7(b)(1)'s particularity requirement are the following dismissal issues: 1) whether Third-Party Plaintiffs have alleged a proper impleader claim under Rule 14; and 2) whether Third-Party Plaintiffs' state indemnity claims have been prematurely filed.[1]

**I. FACTUAL ALLEGATIONS**

The following allegations in the Complaint and the TPC pertain to these issues. Plaintiff alleges in its Complaint that

---

[1] Third-Party Defendants also raise for the first time in their Reply brief additional dismissal arguments which are disregarded. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

2

Third-Party Plaintiffs were owners and operators of a restaurant located at 4216 Camanche Parkway North, Ione, California 95640 ("the Property"). (Compl. ¶¶ 7, 8.) Plaintiff further alleges that "[Third-Party Plaintiffs] directed the[ir] employees . . . to unlawfully intercept and broadcast" the Program. (Compl. ¶ 15.)

Third-Party Plaintiffs allege in the TPC that they were the owners of the Property and that Third-Party Defendants were tenants, "occupying and running a restaurant/bar [on the Property] . . . at the time of the alleged [interception and broadcast of the Program]." (TPC at ¶¶ 7, 10.) Third-Party Plaintiffs allege they "had no knowledge, understanding, complicity in the purported pirated broadcasting . . . ." (Id. at ¶ 10.) Third-Party Plaintiffs further allege: "If the [Program] . . . had in fact been wrongfully []broadcasted at [the Property] . . . Third-Party Defendants had arranged for and undertaken this . . . []broadcasting . . . ." (Id. at ¶ 11.)

## II. DISCUSSION

### i. Whether Third-Party Plaintiffs Alleged a Proper Impleader Claim Under Rule 14

Third-Party Defendants argue the TPC should be dismissed because "[i]t is not properly pled pursuant to . . . Rule 14." (Third-Party Defs.' Mot. To Dismiss ("Third-Party Defs.' Mot.") 7:19-20, ECF No. 19.) In essence, Third-Party Defendants argue the TPC fails to state a proper impleader claim because it alleges that Third-Party Defendants are liable to Plaintiff rather than derivatively liable to Third-Party Plaintiffs.

3

Under Rule 14, "a third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). The TPC contains the following allegations concerning this portion of the dismissal motion:

> 16). Third-Party Plaintiffs allege that, if they are adjudicated to be responsible/liable to Plaintiff, . . . that Third-Party Plaintiffs should be awarded judgment against Third-Party Defendants in the equal amount of damage award, interest, costs, and attorney's fees awarded against them. In addition, Third-Party Plaintiffs allege that Third-Party Defendants should be held responsible/liable and Third-Party Plaintiffs should have judgment against Third-Party Defendants, for all attorneys' fees, costs, and other related consequential damages resulting from Third-Party Plaintiffs having to defend against [Plaintiff's Complaint].
>
> . . .
>
> 22). [The] wrongful actions of Third-Party Defendants have resulted in Third-Party Plaintiffs being sued. . . [and] . . . sustain[ing] substantial damages to date in legal costs and attorney's fees. . . . In addition, . . . if Plaintiff . . . obtains judgment and collects against Third-Party Plaintiffs and/or if Third-Party Plaintiffs are economically forced to . . . settle[]. . . . Third-Party Plaintiffs will be damaged further . . . .

(TPC ¶¶ 16, 22.) These allegations are sufficient to allege claims under Rule 14(a). Therefore, this portion of Third-Party Defendants' motion is denied. See Shalaby v. Irwin Indus. Toll Co., 07CV2107-MMA BLM, 2010 WL 5898212, at *3 (S.D. Cal. Jan. 22, 2010) ("Because [the] third-party complaint sought indemnification from the third-party defendants, it was a proper impleader under Rule 14(a).")

4

### ii. Whether Third-Party Plaintiffs' State Indemnity Claims Have Been Prematurely Filed

Third-Party Defendants also argue Third-Party Plaintiffs' state indemnity claims should be dismissed since they have "been asserted prematurely . . . because [under state law] an action for indemnity accrues when payment has been made upon the underlying claim." (Third-Party Defs.' Mot. 5:15-17.) However, Third-Party Defendants cite no pertinent authority in support of this argument. Therefore, this portion of the motion is denied.

### IV. CONCLUSION

For the foregoing reasons, Third-Party Plaintiffs' federal and state indemnity claims which depend on their being found liable for any of Plaintiff's federal claims are dismissed. The remainder of the motion is denied.

Dated: January 24, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge