UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOYCE ANN SKINNER and LARRY LEROY SKINNER, individually and d/b/a CAMANCHE HILLS DINNER HOUSE & LOUNGE A/K/A BELLA ROSA; and BRIAN M. ELIA, individually and d/b/a CAMANCHE HILLS DINNER HOUSE & LOUNGE A/K/A BELLA ROSA,<br><br>    Defendants.<br>_____<br>JOYCE ANN SKINNER and LARRY LEROY SKINNER,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>BRIAN M. ELIA and MICHAEL ELIA,<br><br>    Third-Party Defendants. | No. 2:13-cv-00936-GEB-KJN<br><br>**ORDER DENYING AS MOOT BRIAN ELIA'S MOTION FOR SUMMARY JUDGMENT ON THE FIRST-AMENDED COMPLAINT AND DISMISSING THE THIRD-PARTY COMPLAINT UNDER 18 U.S.C. § 1367(c)(3)** |

On June 2, 2014, Plaintiff's First-Amended Complaint was dismissed against each Defendant pursuant to Rule 41 of the Federal Rules of Civil Procedure. (See Stipulations and Orders of

1

Dismissal, ECF Nos. 57-58). That dismissal renders moot Defendant Brian Elia's Motion for Summary Judgment concerning the First-Amended Complaint, (ECF No. 43); therefore, that motion is DENIED as moot.

In light of the Rule 41 dismissals, the Court *sua sponte* considers whether to continue exercising supplemental jurisdiction over the remaining Third-Party Complaint, which comprises the following state claims: "declaratory relief for equitable indemnity," "implied contractual indemnity," and "tort of another."[1] (Third-Party Compl., ECF No. 14.)

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over [any state] claim" when "[it] has dismissed all claims over which it has original jurisdiction." The discretion to decline to exercise supplemental jurisdiction under § 1367(c) "is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

---

[1] To the extent the Third-Party Plaintiffs sought indemnity based upon federal law, i.e., 47 U.S.C. § 553 and 47 U.S.C. § 605, those claims were dismissed in an order filed on January 24, 2014. (See Order Re Dismissal Mot. 2:5-8, ECF No. 35.) Further, although the Third-Party Complaint alleges a "Declaratory Relief/Judgment" claim under 28 U.S.C. § 2201, "[t]he use of the declaratory judgment statute does not confer jurisdiction by itself." Janakes v. U.S. Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985); accord Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005).

       Here, judicial economy does not favor continuing to exercise supplemental jurisdiction over the Third-Party Complaint, since none of the remaining state claims have been addressed on the merits. See <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. 1986) ("The district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction . . . ."). "Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966). Therefore, the Third-Party Complaint is dismissed under 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall close this action.

Dated:   June 4, 2014

 

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge